IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| ARNALDO LUJAN | § | |
| | § | CIVIL ACTION 7:17-cv-00054 |
| VS. | § | |
| | § | |
| IMT HOTSHOT LLC AND | § | JURY REQUESTED |
| GARETH TRISTAN WILLIAMS | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Arnaldo Lujan files this his Original Complaint against Defendants IMT Hotshot LLC and Gareth Tristan Williams and, in support of his causes of action, would respectfully show the following:

**I.
PARTIES**

**A.   Plaintiff**

1.1   Plaintiff Arnaldo Lujan is and was a resident and citizen of the State of Texas and Midland County at all times relevant to this action.

**B.   Defendants**

1.2   Defendant IMT Hotshot LLC ("IMT") is a New Mexico corporation with its principal place of business in New Mexico.  Although a nonresident of Texas, and although it neither maintains a principal place of business in Texas nor has a registered agent for service of process in Texas, Defendant IMT was engaged in business in Texas at all times relevant to this action and, in fact, this action arises from IMT's business activities in Texas.  Defendant IMT may therefore be served with process according to the Texas Long-Arm Statute by serving the Texas Secretary of State, Service of Process

Division, P.O. Box 12079, Austin, TX 78711, who can in turn serve Defendant IMT through its owner and registered agent for service of process in New Mexico, Mr. Israel Mendoza, 3809 N. Dal Paso, Hobbs, NM 88240.

1.3     Defendant Gareth Tristan Williams ("Williams") is a natural person, and is and was a resident and citizen of New Mexico at all times relevant to this action. Defendant Williams is a nonresident who was involved in a collision while operating a vehicle in the State of Texas, specifically in the Western District.  This suit arises from said collision.  Defendant Williams may therefore be served with process according to TEX. CIV. P. & REM. CODE § 17.062 by serving the Chairman of the Texas Transportation Commission, Tyron D. Lewis, Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, TX 78701-2483, who can in turn serve Defendant Williams at his last known address, 907 ½ N. Fowler St., Hobbs, NM 88240.

1.4     There are no known responsible third parties to this action as that term is defined by TEX. CIV. P. & REM. CODE § 33.011(6).

## II.
### JURISDICTION

2.1     This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) because the present action is a civil action between a plaintiff who is a Texas citizen, and defendants that are both citizens of, are incorporated in, and/or have their principal places of business in, a state other than Texas, specifically New Mexico, and the matter in controversy exceeds $75,000, exclusive of costs and interest.

2.2   This Court has personal jurisdiction over both defendants because defendants:

    (a)   conduct business in, and engage in foreseeable, intentional, continuous, and/or systematic contacts within Texas, thus rendering them "at home" in Texas; and/or

    (b)   committed one or more of the tortious acts made the basis of this action in Texas.

Thus, there is both general and specific personal jurisdiction, and exercising jurisdiction over both defendants does not offend traditional notions of fair play or substantial justice.

### III.
#### VENUE

3.1   Venue is proper in the United States District Court for the Western District of Texas, Midland/Odessa Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claim occurred within the Western District of Texas, specifically Midland County, Texas.

### IV.
#### BACKGROUND FACTS

4.1   On or about January 25, 2016, Defendant Williams was driving a tractor/trailer combination, owned and controlled by Defendant IMT, south out of a private drive onto Front Street in Midland County.

4.2   While driving said tractor/trailer, Defendant Williams was: acting as an employee of Defendant IMT; working within the course and scope of his duties for Defendant IMT; driving in the furtherance of a mission for the benefit of Defendant IMT; and/or subject to the control as to the details of the mission by Defendant IMT.

4.3    Also at that time, Arnaldo Lujan, the properly seatbelted driver of his Dodge Ram pickup truck, was headed west on Front Street.

4.4    At approximately 10:23 a.m., Defendant Williams failed to yield the right of way, entered into the oncoming lanes of Front Street traffic, and caused a collision between his tractor/trailer and the vehicle driven by Mr. Lujan.[1]

4.5    As a result, Arnaldo Lujan was seriously injured.

## V.
## CAUSES OF ACTION AGAINST DEFENDANT IMT HOTSHOT LLC

**A.    Negligence**

5.1    Defendant IMT committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of Plaintiff's injuries and his resulting damages.

5.2    IMT's negligent acts include, but are not limited to:

   a.   Failure to exercise due care in hiring and/or contracting with Defendant Williams, including its failure to adequately inquire into Williams's qualifications, experience, and history with respect to commercial motor vehicle operation;

   b.   Failure to inquire and/or test, or failure to exercise due care in inquiring and/or testing, Defendant Williams's competence to operate a commercial motor vehicle;

   c.   Failure to train, or failure to exercise due care in training, Defendant Williams to operate a commercial motor vehicle;

   d.   Failure to monitor and/or supervise, or failure to exercise due care in monitoring and/or supervising, Defendant Williams's competence to operate a commercial motor vehicle, or lack thereof;

   e.   Retaining Defendant Williams; and/or

   f.   Entrusting the subject tractor/trailer to Defendant Williams.

---

[1] The incident happened near the 3000 block of Front Street.

B.   **Vicarious Liability**

5.3     Additionally, Defendant IMT is liable under the doctrine of *respondeat superior* for the conduct of Defendant Williams, as Defendant Williams's negligent actions occurred while in the course and scope of his duties for IMT.

5.4     All of the acts of negligence described herein, and as specifically alleged against Defendant Williams, were proximate causes of Plaintiff's injuries and his resulting damages.

C.   **Gross Negligence**

5.5     During relevant times to this action, IMT, through its vice principals, committed acts of omission and commission, which collectively and severally constituted gross negligence.  Such gross negligence was a proximate cause of Plaintiff's injuries and his resulting damages.

5.6     The wrong done by Defendant IMT, even after learning of, knowing, and/or realizing the potential for serious injury and/or death, was aggravated by the kind of gross negligence for which the law allows the imposition of exemplary damages.

5.7     Defendant IMT's conduct, when viewed objectively from its standpoint at the time of its conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and IMT was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

**D.     Vicarious Liability – Gross Negligence**

5.8     Additionally, Defendant IMT authorized, condoned, approved, and/or ratified its agents' grossly negligent conduct that proximately caused Plaintiff's injuries and his resulting damages, and is thus vicariously liable for Defendant Williams's gross negligence.

5.9     Further, Defendant Williams was unfit for performing his assigned job duties, and Defendant IMT was reckless in employing and/or contracting with him.

## VI.
### CAUSES OF ACTION AGAINST DEFENDANT GARETH TRISTAN WILLIAMS

**A.     Negligence**

6.1     Defendant Gareth Tristan Williams committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of Plaintiff's injuries and his resulting damages.

6.2     Defendant Williams's negligent acts include, but are not limited to:

    a.     Failure to maintain proper control of his vehicle;

    b.     Failure to pay attention and/or keep a proper lookout;

    c.     Failure to keep mental and physical alertness while operating a motor vehicle;

    d.     Failure to control speed;

    e.     Failure to properly observe traffic;

    f.     Failure to yield right of way; and/or

    g.     Distracted driving.

**B.     Gross Negligence**

6.3     During relevant times to this action, Defendant Williams committed acts of omission and commission, which collectively and severally constituted gross

negligence, and which were proximate causes of Plaintiff's injuries and his resulting damages.

6.4     The wrong done by Defendant Williams, even after learning of, knowing, and/or realizing the potential for serious injury and/or death, was aggravated by the kind of gross negligence for which the law allows the imposition of exemplary damages.

6.5     Defendant Williams's conduct, when viewed objectively from his standpoint at the time of his conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant Williams was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

## VII.
## DAMAGES

### A.     Personal Injury Damages

7.1     As a direct and proximate result of the foregoing events, Arnaldo Lujan has suffered the following elements of damages, each for which suit is now brought:

      a.     Physical pain and mental anguish sustained in the past;

      b.     Physical pain and mental anguish that, in reasonable probability, will be sustained in the future;

      c.     Loss of earning capacity sustained in the past;

      d.     Loss of earning capacity that, in reasonable probability, will be sustained in the future;

      e.     Disfigurement sustained in the past;

      f.     Disfigurement that, in reasonable probability, will be sustained in the future;

      g.     Physical impairment sustained in the past;

h.   Physical impairment that, in reasonable probability, will be sustained in the future;

i.   Medical care expenses incurred in the past; and

j.   Medical care expenses that, in reasonable probability, will be incurred in the future.

### B.   Exemplary Damages

7.2   As a result of the defendants' grossly negligent conduct, Plaintiff seeks exemplary damages.

### C.   Interest

7.3   Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VIII.
## CONDITIONS PRECEDENT

8.1   All conditions precedent to Plaintiff's rights to recover herein and to the defendants' liability have been performed or have occurred.

## IX.
## JURY DEMAND

9.1   Plaintiff hereby timely files his request for a trial by jury pursuant to the Federal Rules of Civil Procedure.

## X.
## PRAYER

10.1   Plaintiff Arnaldo Lujan prays that Defendants IMT Hotshot LLC and Gareth Tristan Williams be cited to appear and answer for their tortious conduct, that this case be set for trial, and that Plaintiff recovers a judgment of and from the defendants for actual and exemplary damages in such amount as the evidence may show and the jury may determine to be proper, in addition to pre-judgment interest,

post-judgment interest, costs, and all other and further relief to which Plaintiff may show himself to be justly entitled.

                Respectfully submitted,

                By:    */s/ Hunter Craft*
                        **J. Hunter Craft**
                        Attorney-in-Charge
                        State Bar No. 24012466
                        Federal Bar No. 24377
                        **Laura A. Cockrell**
                        State Bar No. 24082836
                        Federal Bar No.  1691710
                        2727 Allen Parkway, Suite 1150
                        Houston, Texas 77019
                        Telephone:   713.225.0500
                        Telefax:        713.225.0566
                        Email:           hcraft@craftlawfirm.com
                        Email:           lcockrell@craftlawfirm.com

**OF COUNSEL:**
**CRAFT LAW FIRM, P.C.**

                        **ATTORNEYS FOR PLAINTIFF**