IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| ARNALDO LUJAN AND ROSA LUJAN | § § | |
| | § | CIVIL ACTION 7:17-cv-00054 |
| VS. | § § | |
| IMT HOTSHOT LLC AND GARETH TRISTAN WILLIAMS | § § | JURY REQUESTED |

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Arnaldo Lujan and Rosa Lujan file this their Second Amended Complaint against Defendants IMT Hotshot LLC and Gareth Tristan Williams and, in support of their causes of action, would respectfully show the following:

**I.**
**PARTIES**

**A.   Plaintiffs**

1.1   Plaintiff Arnaldo Lujan is and was a resident and citizen of the State of Texas and Midland County at all times relevant to this action.

1.2   Plaintiff Rosa Lujan is and was a resident and citizen of the State of Texas and Midland County at all times relevant to this action.  Rosa Lujan is the wife of Arnaldo Lujan.

**B.   Defendants**

1.3   Defendant IMT Hotshot LLC ("IMT") is a New Mexico corporation with its principal place of business in New Mexico.  Although a nonresident of Texas, and although it neither maintains a principal place of business in Texas, Defendant IMT was engaged in business in Texas at all times relevant to this action and, in fact, this action

arises from IMT's business activities in Texas.  Defendant IMT has appeared in this case by filing an answer and may be served through its counsel of record, David Sargent, Sargent Law P.C., 1717 Main Street, Suite 4750, Dallas, Texas 75201.

1.4     Defendant Gareth Tristan Williams ("Williams") is a natural person, and is and was a resident and citizen of New Mexico at all times relevant to this action. Defendant Williams is a nonresident who was involved in a collision while operating a vehicle in the State of Texas, specifically in the Western District.  This suit arises from said collision.  Defendant Williams has appeared in this case by filing an answer and may be served through its counsel of record, David Sargent, Sargent Law P.C., 1717 Main Street, Suite 4750, Dallas, Texas 75201.

1.5     There are no known responsible third parties to this action as that term is defined by Tex. Civ. P. & Rem. Code § 33.011(6).

## II.
## Jurisdiction

2.1     This Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a) because the present action is a civil action between a plaintiff who is a Texas citizen, and defendants that are both citizens of, are incorporated in, and/or have their principal places of business in, a state other than Texas, specifically New Mexico, and the matter in controversy exceeds $75,000, exclusive of costs and interest.

2.2     This Court has personal jurisdiction over both defendants because defendants:

    (a)    conduct business in, and engage in foreseeable, intentional, continuous, and/or systematic contacts within Texas, thus rendering them "at home" in Texas; and/or

    (b)    committed one or more of the tortious acts made the basis of this action in Texas.

Thus, there is both general and specific personal jurisdiction, and exercising jurisdiction over both defendants does not offend traditional notions of fair play or substantial justice.

### III.
#### VENUE

3.1 Venue is proper in the United States District Court for the Western District of Texas, Midland/Odessa Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and/or omissions giving rise to the claim occurred within the Western District of Texas, specifically Midland County, Texas.

### IV.
#### BACKGROUND FACTS

4.1 On or about January 25, 2016, Defendant Williams was driving a tractor/trailer combination, owned and controlled by Defendant IMT, south out of a private drive onto Front Street in Midland County.

4.2 While driving said tractor/trailer, Defendant Williams was: acting as an employee of Defendant IMT; working within the course and scope of his duties for Defendant IMT; driving in the furtherance of a mission for the benefit of Defendant IMT; and/or subject to the control as to the details of the mission by Defendant IMT.

4.3 Also at that time, Arnaldo Lujan, the properly seatbelted driver of his Dodge Ram pickup truck, was headed west on Front Street.

4.4 At approximately 10:23 a.m., Defendant Williams failed to yield the right of way, entered into the oncoming lanes of Front Street traffic, and caused a collision between his tractor/trailer and the vehicle driven by Mr. Lujan.[1]

---

[1] The incident happened near the 3000 block of Front Street.

4.5	As a result, Arnaldo Lujan was seriously injured.

## V.
### CAUSES OF ACTION AGAINST DEFENDANT IMT HOTSHOT LLC

**A.	Negligence**

5.1	Defendant IMT committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of Plaintiff Arnaldo Lujan's injuries and Plaintiffs' resulting damages.

5.2	IMT's negligent acts include, but are not limited to:

　　a.	Failure to exercise due care in hiring and/or contracting with Defendant Williams, including its failure to adequately inquire into Williams's qualifications, experience, and history with respect to commercial motor vehicle operation;

　　b.	Failure to inquire and/or test, or failure to exercise due care in inquiring and/or testing, Defendant Williams's competence to operate a commercial motor vehicle;

　　c.	Failure to train, or failure to exercise due care in training, Defendant Williams to operate a commercial motor vehicle;

　　d.	Failure to monitor and/or supervise, or failure to exercise due care in monitoring and/or supervising, Defendant Williams's competence to operate a commercial motor vehicle, or lack thereof;

　　e.	Retaining Defendant Williams; and/or

　　f.	Entrusting the subject tractor/trailer to Defendant Williams.

**B.	Vicarious Liability**

5.3	Additionally, Defendant IMT is liable under the doctrine of *respondeat superior* for the conduct of Defendant Williams, as Defendant Williams's negligent actions occurred while in the course and scope of his duties for IMT.

5.4     All of the acts of negligence described herein, and as specifically alleged against Defendant Williams, were proximate causes of Plaintiff Arnaldo Lujan's injuries and Plaintiffs' resulting damages.

## VI.
### CAUSES OF ACTION AGAINST DEFENDANT GARETH TRISTAN WILLIAMS

**A.     Negligence**

6.1     Defendant Gareth Tristan Williams committed acts of omission and commission, which collectively and severally constituted negligence, and which were proximate causes of Plaintiff Arnaldo Lujan's injuries and Plaintiffs' resulting damages.

6.2     Defendant Williams's negligent acts include, but are not limited to:

   a.   Failure to maintain proper control of his vehicle;

   b.   Failure to pay attention and/or keep a proper lookout;

   c.   Failure to keep mental and physical alertness while operating a motor vehicle;

   d.   Failure to control speed;

   e.   Failure to properly observe traffic;

   f.   Failure to yield right of way; and/or

   g.   Distracted driving.

## VII.
### DAMAGES

7.1     As a direct and proximate result of the negligent acts and omissions committed by Defendants in this case, Plaintiffs have sustained, or in reasonable likelihood, will sustain, damages on account of personal physical injuries, or physical sickness, arising from an occurrence, within the meaning of Section 104(a)(2) of the

Internal Revenue Code of 1986, as amended, arising from physical injuries that resulted from claims and allegations made in this litigation.

## VIII.
### CONDITIONS PRECEDENT

8.1   All conditions precedent to Plaintiffs' rights to recover herein and to the defendants' liability have been performed or have occurred.

## IX.
### JURY DEMAND

9.1   Plaintiffs timely filed their jury demand pursuant to the Federal Rules of Civil Procedure with the filing of their Original Complaint. Plaintiffs hereby respectfully renew their demand for a jury.

## X.
### PRAYER

10.1   Plaintiffs Arnaldo Lujan and Rosa Lujan pray that Defendants IMT Hotshot LLC and Gareth Tristan Williams answer for their tortious conduct, that this case be set for trial, and that Plaintiffs recover a judgment of and from the defendants in such amount as the evidence may show and the jury may determine to be proper and all other and further relief to which Plaintiffs may show themselves to be justly entitled.

        Respectfully submitted,

By: */s/ Laura A. Cockrell*
   **J. Hunter Craft**
   Attorney-in-Charge
   State Bar No. 24012466
   Federal Bar No. 24377
   **Laura A. Cockrell**
   State Bar No. 24082836
   Federal Bar No. 1691710
   2727 Allen Parkway, Suite 1150
   Houston, Texas 77019
   Telephone: 713.225.0500
   Telefax: 713.225.0566
   Email: hcraft@craftlawfirm.com
   Email: lcockrell@craftlawfirm.com

**<u>OF COUNSEL:</u>**
**CRAFT LAW FIRM, P.C.**

        **ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

   A true and correct copy of the foregoing document was forwarded to all counsel of record on June 22, 2018.

| | |
|---|---|
| David Sargent | *via CM/ECF* |
| Lindsay Gorbach | *via CM/ECF* |
| SARGENT LAW, P.C. | |
| 1717 Main Street, Suite 4750 | |
| Dallas, Texas 75201 | |
| *Attorney for Defendants IMT Hot Shot LLC and Gareth Williams* | |

                */s/ Laura A. Cockrell*
                Laura A. Cockrell